IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00539-PAB-MJW

ALISON DEAN and
KEITH L. DEAN,

    Plaintiffs,

v.

JP MORGAN CHASE BANK NATIONAL ASSOCIATION,
U.S. BANK NATIONAL ASSOCIATION, and
JOHN DOES OF UNKNOWN NUMBER,

    Defendants.

---

**ORDER**

---

This matter is before the Court on defendants' motions to dismiss [Docket Nos. 21, 19]. In this action, plaintiffs are seeking declaratory relief to prevent state foreclosure proceedings against residential property they own. The Court's jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332(a).

**I. BACKGROUND**[1]

Plaintiffs are the owners of a residence on East Glenstone Lane in Littleton, Colorado. On April 3, 2006 plaintiffs executed a promissory note in favor of lender U.S. Bank National Association ("U.S. Bank"), securing the note with a deed of trust on their property. On April 21, 2006, plaintiffs executed another promissory note in favor of

---

[1] The following facts are drawn from plaintiffs' complaint [Docket No. 1] and the documents attached thereto.

lender Washington Mutual Bank FA ("Washington Mutual"), also securing the note with a deed of trust.  U.S. Bank and Washington Mutual subsequently securitized these notes by pooling the notes with other similar obligations and selling them to numerous unknown investors.  These investors obtained insurance on the underlying obligations in the form of "credit default swaps."  It is plaintiffs' theory that because of this securitization, plaintiffs no longer know who the current holders of the notes are.  Defendant JP Morgan Chase Bank, National Association ("JP Morgan") claims to be the successor in interest to the second note.  On March 11, 2009, JP Morgan initiated foreclosure proceedings on the property.

## II.  ABSTENTION

Plaintiffs' complaint seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 stating that (1) defendants are estopped from asserting any default on the notes; (2) defendants lack any interest in the trust deeds which may be enforced by liens upon, or through sale of, the properties; and (3) quieting title to the properties in favor of plaintiff and against defendants.  According to the complaint, foreclosure proceedings have already been initiated on the property and, as of the filing of the complaint, the trustee sale was scheduled for the property on March 10, 2010.  Docket No. 1 at 6.  A public record search in Douglas County, Colorado, where the property is located, indicates that the property has not been sold.  As the foreclosure process is ongoing, the Court must consider whether abstention is appropriate pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).  *See Beeler Properties, LLC v. Lowe Enterprises Residential Investors,*

*LLC*, No. 07-cv-00149-MSK-MJW, 2007 WL 1346591 at *3 (D. Colo. May 7, 2007) (explaining the Colorado foreclosure process).

> *Younger* directs a federal court to abstain from exercising its jurisdiction where:
>
> (1) there is an ongoing state criminal, civil, or administrative proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (quotation omitted). *Younger* is mandatory and does not grant a district court discretion not to abstain unless extraordinary circumstances are present. *See Chapman v. Barcus*, 372 F. App'x 899, 901-02 (10th Cir. 2010). Although *Younger* itself involved a request for injunctive relief, its holding also applies to requests for declaratory relief where the declaratory judgment issued by the federal court could be used to interfere with the state court proceedings. *See D.L. v. Unified School District, No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004).

Here, foreclosure proceedings pursuant to Colorado Rule of Civil Procedure 120 are ongoing and involve important state interests. *See Beeler*, 2007 WL 1346591 at *3 ("Actions that challenge the Rule 120 order and process are proceedings involving important state interests concerning title to real property located and determined by operation of state law."). Plaintiffs have also sought declaratory judgments which could be used to void the ongoing foreclosure proceedings. Whether Rule 120 proceedings are "an adequate forum" to hear plaintiffs' claims is a more difficult question. Rule 120 authorizes "any interested person" to file a motion for an order of sale and permits the

debtor to dispute the moving party's entitlement to the order. *See* C.R.C.P. 120(a), (c). Rule 120 hearings are non-adversarial and are "designed to address, in summary fashion, issues related specifically to the existence of a default." *Plymouth Capital Co., Inc. v. District Court of Elbert Cnty.*, 955 P.2d 1014, 1016-17 (Colo. 1998). These hearings therefore are "not the proper forum for addressing the various and complex issues that can arise in some foreclosures." *Id.*

Despite the limited scope of Rule 120 hearings, plaintiffs' claims challenge the exact matters these proceedings are designed to consider. Plaintiffs seek a declaratory judgment stating that defendants have no interest in the properties because they are not the true holders of the promissory notes at issue or, put another way, they are not entitled to move for an order of sale under Rule 120. The Colorado Supreme Court has expressly held that debtors in Rule 120 proceedings can raise exactly this defense. *See Goodwin v. District Court*, 779 P.2d 837, 843 (Colo. 1989) (en banc) (reasoning that "[i]mplicit in Rule 120 is the requirement that the party seeking an order of sale have a valid interest in the property allegedly subject to the power of sale" and thus debtors may present a "real party in interest" defense in Rule 120 proceedings). Plaintiffs have not raised any federal claim or complex issue that would not normally be considered in a Rule 120 hearing. *See Plymouth Capital Co.*, 955 P.2d at 1016-17. Rather, their claims that defendants are no longer holders under Colorado law and have no authority to foreclose go to the heart of the findings in Rule 120 proceedings. Therefore, the state court foreclosure proceedings provide an adequate forum for

plaintiffs to raise their claims for declaratory relief, and the Court must abstain from considering the merits of plaintiffs' claims.

## III.  CONCLUSIONS

For the foregoing reasons, it is

**ORDERED** that defendant U.S. Bank National Association's Motion to Dismiss [Docket No. 19] is **GRANTED**.  It is further

**ORDERED** that defendant JP Morgan Chase Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint [Docket No. 21] is **GRANTED**.  It is further

**ORDERED** that plaintiffs' complaint [Docket No. 1] is **DISMISSED without prejudice**.  It is further

**ORDERED** that plaintiffs' Amended Request for Hearing [Docket No. 43] is **DENIED** as moot.  It is further

**ORDERED** that defendant U.S. Bank National Association's Motion for Summary Judgment is [Docket No. 50] **DENIED** as moot.

DATED February 28, 2011.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge